BROWN, RESPONDENT, v. BOARD OF COMMISSION-
ERS OF DAWSON COUNTY, APPELLANT.

[Submitted January 21, 1895.   Decided January 28, 1895.]

APPEAL—*Motion for new trial—Dismissal.*—Under section 297 of the Code of Civil
Procedure a motion for a new trial is made upon the minutes of the court or
a bill of exceptions or a statement of the case, and where the record affirma-
tively discloses that no such papers were before the court on the hearing of the
motion, an appeal from an order denying it will be dismissed.

*Appeal from the Seventh Judicial District, Dawson County.*

ACTION against board of commissioners of Dawson county.
Judgment was rendered for the plaintiff below by MIL-
BURN, J.   Affirmed.

*T. C. Holmes,* and *Ella L. Knowles,* for Appellant.

*Strevell & Porter,* for Respondent.

DE WITT, J.—The defendants appeal from the judgment,
which is rendered in favor of plaintiff, and also from the or-
der denying defendants' motion for new trial.   A motion is
made in this court to dismiss the appeal on the ground that
there was no statement on motion for new trial, and that it is
impossible to determine from the record what was before the
district court upon the motion.   This motion to dismiss, as
far as the appeal from the order denying a new trial is con-
cerned, must be sustained.   We cannot ascertain that the court
had any thing whatever before it in hearing the motion for
new trial.   There is in the record a document called "State-
ment of Errors and Grounds of Appeal."   This paper con-
tains some evidence, whether the whole or only a part does
not appear.   But the document could not have been used
upon the hearing of the motion in the district court, because it
did not come into existence, as appears by the certificate of the
judge, until three months after the motion for new trial had
been decided, and one month after the appeal had been taken
to this court.

What appears in the record as a statement on motion for
new trial was also not settled until three months after the

motion was decided, and one month after the appeal was taken to this court, as appears by the stipulations in the record extending time for preparation of the statement, and, indeed, as is conceded by the appellants' brief. The motion for new trial was solely upon the ground of errors of law occurring on the trial and excepted to by the defendants. (Code Civ. Proc., § 296.) Such a motion is made upon the minutes of the court, or a bill of exceptions, or a statement of the case. (Code Civ. Proc., § 297.) But the record in this case affirmatively discloses that no such papers were before the district court on the hearing of the motion. In fact it does not at all appear by the record that the motion was heard upon any thing whatever. (Code Civ. Proc., § 438.) The appeal from the order denying the motion for new trial is therefore dismissed.

As to the appeal from the judgment there is no error apparent upon an inspection of the judgment-roll.

Not only is the record in this case fatally defective in matter and substance, but in its arrangement and preparation it offends several of the rules of this court upon that subject.

The judgment of the district court is affirmed.

*Affirmed.*

Pemberton, C. J., and Hunt, J., concur.